Robert L. Hill (SBN 241624)
**LAW OFFICES OF ROBERT L. HILL, APC**
5055 Avenida Encinas, Suite 100
Carlsbad, CA 92008
(760) 448-4425
rhill@rlhfirm.com

Cameron R. Hays (SBN 345015)
**HAYS LAW GROUP**
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
(858) 293-5353
cameron@hayslg.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM STEPHANIE B., <br><br>          Plaintiff, <br><br>  vs. <br><br> GROSSMONT UNION HIGH SCHOOL DISTRICT, a public entity; PAUL MEILAHN, an individual; and DOES 1 THROUGH 50 inclusive, <br><br>         Defendants. | Case No.: **'23 CV 2281 BEN KSC** <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff A.L., a special needs minor ("Plaintiff") through his *Guardian ad Litem* Stephanie B., alleges as follows:

### THE PARTIES

1.      At the commencement of this action and at all relevant times, Plaintiff was a minor resident of San Diego County in the State of California. Accordingly, an

Application and/order for appointment *of Guardian Ad Litem* requesting that Stephanie B., Plaintiff's mother, be appointed as his *Guardian Ad Litem* in the United States District Court for the Southern District was filed along with this lawsuit. To protect his privacy, Plaintiff is identified herein as A.L.

2.     At the time of the incident giving rise to this action, Plaintiff was a special education student entrusted to the care of Defendant GROSSMONT UNIFIED UNION HIGH SCHOOL DISTRICT ("GROSSMONT") and rode its buses to and from school each day.

3.     Defendant GROSSMONT is a public entity within the meaning of California Government Code section 811.2. 900., *et seq.* and is duly incorporated, operating under California law as a school district. GROSSMONT is legally responsible for providing Plaintiff with full and equal access to public education and compliance with federal law and state laws and regulations, including those relating to the use of force and restraint.

4.     GROSSMONT was responsible for providing home-to-school transportation to Plaintiff as specified in his Individual Education Plan (IEP). GROSSMONT and DOES 1 through 25 controlled, directed, managed, operated, and/or owned the buses used in the home-to-school transportation of special education students like Plaintiff.

5.     At all relevant times PAUL MEILAHN ("MEILAHN") was employed as a bus driver by GROSSMONT and DOES 1 through 25 and was specifically charged with transporting special education students like Plaintiff. All actions alleged herein by MEILHAN were taken under the color of state law and during his employment with GROSSMONT and DOES 1 through 25.

6.     At all relevant times DOES 26 through 50 were the employees, agents, officers, and/or directors of the school and were acting within the scope of their employment with GROSSMONT in an official capacity. Under California Government Code Sections 815.2 and 820, GROSSMONT is liable for the acts and

omissions of its employees that are within the course and scope of employment. *Cal. Gov. Code §815.2; Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal. 3d 741, 747 (1970).

6.     GROSSMONT, MEILHAN, and DOES 1 through 50 are referred to collectively herein as "Defendants."   Defendant DOES 1 through 50, whether individual, corporate, associate, alter ego, or otherwise, are fictitious names of Defendants whose true names and capacities are unknown to Plaintiff at this time. Plaintiff is informed, believes, and alleges that at all times relevant each defendant sued as a Doe named defendant was acting for itself or its agent, servant, employee, or alter ego of the other defendants, and in doing the alleged things, was acting in the course and scope of its authority as such agent, servant, employee or alter ego, and with the permission and consent of its co-defendants.  Each defendant sued herein as a Doe named defendants, whether acting for itself or as agents, corporations, associates or otherwise, is someway liable or responsible to Plaintiff and caused injuries and damages to Plaintiff.  At such time as these Doe named defendants' true names and capacities become known to Plaintiff, Plaintiff will ask leave of this court to amend the Complaint to insert their true names and capacities.

7.     At all times mentioned, each Defendant was the agent, employee, or partner of each other Defendant and, in doing the things here alleged, acted within the course and scope of such agency, employment, partnership, or joint venture with the knowledge and consent of each of the other defendants.   Each Defendant has authorized, ratified, and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction over Plaintiff's claims premised upon federal law pursuant to 28 U.S.C §1331 and 28 U.S.C §1343 (a)(3). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367(a).

9.     Venue is proper in this district pursuant to 28 U.S.C §1391(b) because (1) the public entity defendant has its principal place of business in its jurisdictional area; (2) Plaintiff and the remaining named Defendants reside and/or work in this jurisdictional area; and (3) because the obligations and liabilities of Defendants and/or DOES 1 through 50, inclusive arise therein.

## PLAINTIFF HAS COMPLIED WITH THE ADMINISTRATIVE REQUIREMENTS OF THE GOVERNMENT CLAIMS ACT

10.     On or about May 26th, 2023, Plaintiff presented written government claims to Defendant GROSSMONT for the injuries, losses, and damages he suffered from the incident, pursuant to Government Code Section 900 through 915.4.

11.     Defendant GROSSMONT rejected Plaintiff's claim on June 16, 2023. This action is timely filed in conformity with the period provided by the California Government Code Sections 900 through 914.4, and Plaintiff has complied with the Government Claims Act.

## FACTS COMMON TO ALL COUNTS

12.     At the time of the incident, Plaintiff was a 10-year-old boy with autism spectrum disorder ("ASP"), attention deficit hyperactivity disorder ("ADHA"), mood disorder, and anxiety. Because of his conditions, Plaintiff could not participate in general education programs successfully and was therefore made eligible for special education services under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C sections 1401, et seq. Additionally, Plaintiff is and was entitled to home-to-school transportation services provided by the District.

13.     As a public school district responsible for providing special education services, GROSSMONT was acutely aware of Plaintiff's disability and the added care and support he required. GROSSMONT was also aware of the challenges that special education students like Plaintiff experience concerning communication and changes to routine.

14.     At the time of the incident giving rise to this action, Plaintiff was

COMPLAINT

transported to and from school each day on a special education bus operated by GROSSMONT. Plaintiff was assigned to a specific seat on the bus, which helped maintain a consistent routine that instilled a sense of safety and comfort. Leading up to the incident, GROSSMONT's buses had been arriving late and/or early, interrupting Plaintiff's consistent routine.  Plaintiff depended on the structure that these routines provided; any sudden change in Plaintiff's structure, without proper communication, could cause Plaintiff distress.

15.   On January 27, 2023, Plaintiff was dropped off near his home at about 4:00 p.m. by a GROSSMONT school bus driven by Defendant MEILAHN. Upon arriving home, Plaintiff's mother noticed he was very shaken and had defensive cuts to his arm and face.

16.   The GROSSMONT school bus driven by MEILAHN was equipped with a video camera, which recorded what had occurred on the bus prior to Plaintiff being dropped off near his home.  Plaintiff's mother has made several attempts to view the tape but has been denied.  Plaintiff will obtain all tapes of the incident through the discovery process.

17.   Plaintiff's mother has, however, reviewed written transcripts prepared by GROSSMONT representatives that purport to describe the recorded events from the bus's video camera.  These transcripts claim that Plaintiff was walking down the aisle of the bus and dancing at the back of the school bus.  During this time, MEILAHN grabbed Plaintiff by the arm and forcefully pushed him into a seat while shouting "No" and "Sit Down. Stay here." Soon after, MEILAHN once again forcibly grabbed Plaintiff by the arm, pushed him into a seat, and restrained him with his body weight while angrily yelling, "You need to listen, sit, stay right here. Do you know how to sit?"  As a result of MEILAHN losing his temper and attacking Plaintiff, Plaintiff received defensive wounds to his face and arm.

18.   After the incident, MEILAHN returned to the school bus to dispatch, where he refused to submit an incident report as was required.  Instead of following

procedure and submitting an incident report, MEILAHN went home.  MEILAHN eventually submitted his report about two days later.

19.    Plaintiff is aware that GROSSMONT continues to employ MEILAHN in the capacity of a bus driver.

## FIRST CAUSE OF ACTION

### Violation of Constitutional Rights, 42 U.S.C §1983

### (Against All Defendants)

20.    Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

21.    Defendants violated 42 U.S.C section 1983 when they deprived him of his constitutional rights while acting under the color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980).

22.    All public-school students have a right under the Fourth Amendment to be free from unreasonable searches and seizures. The unreasonable use of excessive force and corporal punishment of a student violates this right.  *Doe ex rel. Doe v. Hawaii Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003).  Plaintiff further maintains Fourteenth Amendment rights to life, liberty, and property free from interference without due process of law.  *U.S. Const. Amendment XIV, sec 1*.

23.    Defendants intentionally used unjustified and unreasonable force against Plaintiff and/or failed to prevent it and/or acted with deliberate indifference to the risk of harm to Plaintiff from MEILAHN.  Defendants' actions were objectively unreasonable, willful, and wanton given the circumstances.

24.    Defendants also violated the rights of Plaintiff under the Fourth Amendment and/or 14th Amendment by failing to maintain adequate policies or conduct sufficient training to prevent violations of the rights of students and parents. On information and belief, Defendants had multiple written policies, regulations, rules, and practices that contributed to the occurrence of the incident, which gave rise to the constitutional violations. Several persistent and widespread customs and

practices of GROSSMONT also contributed to the issue in this litigation. The permanent and well-settled practices of GROSSMONT gave rise to the alleged constitutional violations. Violations such as the ones inflicted on Plaintiff are an obvious risk of the procedures adopted by Defendants and their policymakers, meaning Defendants' acts and omissions constituted deliberate indifference.

25.     Defendants also violated Plaintiff's rights under the Fourth and/or Fourteenth Amendments when they displayed deliberate indifference to the demonstrated propensity of MEILAHN to violate the constitutional rights of students in the manner that Plaintiff's rights were violated.  GROSSMONT and DOES 1 through 50 additionally ratified the conduct of MEILAHN by, among other things, retaining and/or failing to discipline MEILAHN despite knowing of his propensity to abuse and mistreat students with special needs.  Ratification of the decisions of a subordinate by an official is a policy for purposes of municipal liability under section 1983.

26.     Defendants GROSSMONT and DOES  1 through 50 violated Plaintiff's constitutional rights by failing to respond to an open and obvious incident of severe child abuse. The failure to act evidences the deliberate indifference to the fact that abuse was occurring at the school and constitutes participation in abuse for purposes of municipal liability under section 1983.

27.     On information and belief, GROSSMONT and DOES 1 through 50 further violated the rights of Plaintiff under the Fourth Amendment by failing to maintain adequate policies and to conduct sufficient training to prevent violations of students' constitutional rights. The training program is inadequate in relation to the tasks MEILAHN was expected to perform. The need for more and different training was evident, and inadequate training was so likely to result in the use of excessive force that GROSSMONT and DOES 1 through 50 were deliberately indifferent to the need for more and different training.

28.     On information and belief, GROSSMONT and DOES 1 through 50 have

a permanent and well-settled practice of downplaying the abuse of special education students, exaggerating their behaviors and attempting to justify the abuse, failing to investigate abuse, failing to report abuse as required by law, and failing discipline abusers when abuse surfaces. In this case, these practices facilitated constitutional violations as the practice normalizes recurrent constitutional deprivations. Additionally, GROSSMONT and DOES 1 through 50 knew that constitutional violations were regularly occurring, and their corresponding failure to take affirmative action to prevent further abuse constitutes deliberate indifference. Defendants were acting or purporting to act under the color of state law.

29.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

30.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

31.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

32.   As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney to protect his rights.  Accordingly, Plaintiff seeks reasonable attorney fees and costs incurred in an amount according to proof at trial as mandated under 42 U.S.C section 1988(b).

33.   Defendants committed the acts alleged here maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice.  Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights.  As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants in their individual capacities.

## SECOND CAUSE OF ACTION

**Discrimination in Violation of Americans with Disabilities Act, U.S.C section 12131, et seq.**

**(Against Defendant GROSSMONT and DOES 1 through 25)**

34.     Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

35.     Congress enacted the Americans with Disabilities Act ("ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities," that such forms of discrimination continue, and that "individuals who have experienced discrimination based on disability have often had no legal recourse to redress such discrimination." *42 U.S.C §12101(a)*. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *42 U.S.C §12101(b)(1)*.

36.     Under the ADA, "no qualified individual with a disability shall, because of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *42 U.S.C §12132*.

37.     At all relevant times to this action, Plaintiff was a qualified individual entitled to the protections of the ADA.  Further, GROSSMONT is a "public entity" within the meaning of the ADA and provides a program, service, or activity to the public as governed by the ADA.

38.     GROSSMONT failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

39.     GROSSMONT further failed in its responsibilities under the ADA to provide services, programs, and activities in a full and equal manner to disabled

persons by subjecting Plaintiff to a hostile educational environment.

40. MEILAHN was deliberately indifferent to the risk that his actions would deprive a minor, like Plaintiff, of equal and meaningful access to education.

41. GROSSMONT and DOES 1 through 50 were deliberately indifferent to abuse committed by MEILAHN because the victims of their abuse, including Plaintiff, were persons with a disability.

42. The deliberate indifference by employees of GROSSMONT gives rise to liability under *respondeat superior*. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (confirming that, when a plaintiff brings a direct suit under the ADA or Rehabilitation Act, a public entity is liable in *respondeat superior* for the acts of its employees).

43. Defendants' conduct, as alleged herein, was a substantial factor in causing Plaintiff's harm. As a direct, proximate, and foreseeable result of GROSSMONT's failure to comply with their duty under the ADA, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

44. As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney to protect his rights. Accordingly, Plaintiff seeks reasonable attorney's fees and costs incurred in an amount according to proof at trial as mandated under 42 U.S.C section 12205.

### THIRD CAUSE OF ACTION

### Discrimination in Violation of the Rehabilitation Act of 1973, 29 U.S.C section 794

### (Against Defendant GROSSMONT and DOES 1 through 50)

45. Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

46. Under Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C 794 ("Section 504"), a qualified individual with a disability may not be

subjected to discrimination, excluded from participation in, or denied the benefits of any program or activity receiving federal financial assistance because of their disability. *See 29 U.S.C §794(a)*.

47.   GROSSMONT and DOES 1 through 25 are, and were at all relevant times, the recipients of federal financial assistance and that part of that financial assistance has been used to fund the operations, construction, and/or maintenance of the specific public facilities described herein and the activities that take place therein.

48.   By subjecting Plaintiff to physical and emotional abuse, he could not enjoy the benefits of her education. Additionally, Defendants' conduct as described herein was a substantial factor in causing Plaintiff's harm.

49.   Additionally, by its acts or omissions in denying equal access to educational services and subjecting Plaintiff to a hostile educational environment, GROSSMONT has violated the rights of Plaintiff under section 504 and the regulations promulgated thereunder.

50.   As set forth in this complaint, MEILAHN was deliberately indifferent to the risk that his actions would deprive Plaintiff of equal and meaningful educational access.

51.   GROSSMONT employees and DOES 1 through 50 were deliberately indifferent to the abuse committed by MEILAHN.  They had actual knowledge of the abuse and knew that MEILAHN was likely to continue abusing Plaintiff but failed to act on that knowledge.

52.   The deliberate indifference by employees of GROSSMONT gives rise to vicarious liability under *respondeat superior. See Duvall*, 260 F.3d at 1141.

53.   As a direct, proximate, and foreseeable result of GROSSMONT's failure to comply with its duty under Section 504 and the regulations promulgated thereunder, Plaintiff has suffered damages, including special and general damages, the precise amount of which will be proven at trial.

54.   As a direct, proximate, and foreseeable result of Defendants' conduct,

1  Plaintiff was forced to retain an attorney to protect his rights.  Accordingly, Plaintiff
2  seeks reasonable attorney fees and costs incurred in an amount according to proof at
3  trial as mandated under 29 U.S.C section 794a(b)

**FOURTH CAUSE OF ACTION**

**Negligence**

**(Against All Defendants)**

55.     Plaintiff realleges and incorporates the allegations contained in the above
paragraphs as though fully set forth herein.

56.     Defendants owed Plaintiff a duty of care to adequately supervise Plaintiff
and place him in an appropriate educational placement that was safe and free from
danger and abuse.  Defendants also owed Plaintiff a duty to provide a learning
environment that allows students, including Plaintiff, to be safe and secure in their
persons.

57.     The standard of care imposed on the school personnel in carrying out the
above duties is the degree of care that a person of ordinary prudence charged with this
care of students would exercise under the same circumstances. *Dailey v. Los Angeles
Unified Sch. Dist.,* 2 Cal. 3d 741 (1970). A lack of supervision or ineffective
supervision may breach the required standard of care. *Id*.

58.     Defendants, and each of them, breached their duties to Plaintiff when
they, among other things, (1) failed to supervise students, including Plaintiff, while
on the school bus; (2) provided ineffective supervision of students, including Plaintiff,
while being transferred to and from school on the bus; (3) failed to exercise ordinary
care and supervise children on the bus, including Plaintiff; (4) failed to make
reasonable efforts to perform the duties imposed by California Educational Code
Section 44807, Cal. Ed. Code Section 32260 through 32296 et seq., and Cal. Code of
Regs, tit. 5, sections 5551 and 5552; (5) failed to take steps necessary to protect
students at GROSSMONT or warn the other students, including Plaintiff and his
parents; (6) negligently trained, supervised management hired employees charged

with the supervision of students, including MEILAHN; (7) violated the rights of plants set forth in the Cal. Const.  Art 1, Section 28(c), Right to Safe Schools; (8); failed to properly investigate assault on Plaintiff; (9) failed to discipline MEILAHN and other district staff; (10) failed to implement or follow safety and security procedures and protocols; and (11) failed to follow and enforce Individualized Education Plans, including Plaintiff's IEP.

59.     Defendants' negligence was a substantial factor in causing him harm.

60.     Under Government Code Section 815.2(a), a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity acting within the scope of employment if the act or omission would have risen to a cause of action against the employee. Accordingly, GROSSMONT may be vicariously liable for the negligent conduct of its employees where such negligent conduct causes Plaintiff harm. Further, GROSSMONT is vicariously liable for the negligent conduct of its employees who are aware of the abuse of students, including Plaintiff.  Additionally, under Government Code Section 815.6, GROSSMONT may be liable concerning the above mandatory duties because they were designed to protect against the very kind of injury that Plaintiff suffered due to Defendants' conduct.

61.     Defendants' breaches of the preceding duties created a foreseeable risk of a particular type of harm that occurred to Plaintiffs. Such harm was likely to occur without adequate safeguards or supervision. Thus, Defendants knew or should have known Plaintiff was subject to unreasonable risk of harm such that Defendants should have taken preventative measures.

62.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount which will be proven at trial.

63.     As a direct proximate for seeable result Defendants' unlawful conduct,

Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Supervision, or Retention of Employee

### (Against Defendants GROSSMONT and DOES 1 through 50)

64.    Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

65.    At all relevant times, GROSSMONT had a legal duty to protect and supervise the students riding on GROSSMONT buses, including Plaintiff. In executing these duties, GROSSONT also owed a duty to exercise reasonable care in hiring, supervising, training, and retaining their employees. This duty includes ensuring that staff are competent in performing their duties. School administrators must ensure that school employees follow policies and procedures and have the requisite knowledge and training. *Virginia G. v. ABC Unified Sch. Dist.*, 15 Cal. App. 4th 1848, 1855 (1993).  A school district may be directly liable for this negligence of administrators and supervisors in hiring, supervising, and retaining the school employee who abuses a student. *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 879 (2012).

66.    The conduct of MEILAHN and DOES 26 through 50 harmed Plaintiff while Plaintiff was on a school bus owned by GROSSMONT.  GROSSMONT and MEILAHN are further responsible for the harm because GROSSMONT negligently hired, supervised, trained, and/or retained these and other GROSSMONT personnel.

67.    GROSSMONT further knew or should have known that MEILAHN and DOES 26 through 50 were or became unfit or incompetent to perform the work for which they were hired, including unfit or incompetent to carry out the duties mentioned above as alleged herein, thereby posing a particular risk to students, including Plaintiff. Plaintiff asserts that GROSSMONT knew or should have known that MEILAHN and DOES 26 through 50 posed a specific threat to students because

they failed to protect, prevent, and immediately report the subject to the proper authorities, thereby exposing Plaintiff to additional risk of injury.

68.   Despite having a heightened duty, GROSSMONT failed to exercise reasonable care in hiring, supervising, and retaining their employees. Further, the negligent hiring, supervision, and retention were essential factors in causing Plaintiff's harm. Defendants breached the duties owed to Plaintiff when they, among other things, (1) failed to supervise teachers, aides, and staff in performing their duties; (2) failed to ensure teachers, aides, and staff have the requisite knowledge and are trained to carry out their duties completely; (3) failed to ensure that teachers, aides, and staff follow school policies aimed at the safety and protection of students; (4) failed to ensure that teachers, aides, and staff followed Plaintiff's IEP; and (5) failed to investigate claims of abuse properly.

69.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body at the precise amount will be proven at trial.

70.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages that the precise amount would be proven at trial.  Defendants committed the acts alleged here maliciously, fraudulently, and oppressively and with the wrongful intention of injuring Plaintiff and acted within the improper and evil mode of amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

# SIXTH CAUSE OF ACTION

## Assault

## (Against All Defendants)

71.     Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

72.     MEILAHN was an employee of each of the Defendants, and MEILAHN was acting within the scope of his employment at the time of the incident.  *See, e.g., Flores v. AutoZone W., Inc.*, 161 Cal. App. 4th 373, 380-382 (2008) (employee's assault on customer within scope of employment). Accordingly, each of the Defendants is liable for MEILAHN's actions under the doctrine of *respondeat superior*.  Defendants also are liable under the doctrine of *respondeat superior* through their subsequent ratification of MEILAHN's conduct.  *See, e.g., Flores*, 161 Cal. App. 4th at 380-382.

73.     In California, "[a] civil action for assault is based upon the invasion of the right of a person to live without being put in the fear of personal harm." *Lowry v. Standard Oil Co. of* California, 63 Cal.App.2d 1, 6-7(1994).

74.     During the incident MEILAHN both threatened to touch Plaintiff in a harmful or offensive manner and acted with the intent to cause harmful or offensive contact with Plaintiff.

75.     As a result of MEILAHN's conduct, it reasonably appeared to Plaintiff, and he reasonably believed, that a harmful or offensive contact with his person was about to occur.

76.     Plaintiff in no way consented to MEILAHN's conduct.

77.     MEILAHN's conduct harmed Plaintiff and that MEILAHN's conduct was a substantial factor in causing him harm.

78.     As a direct, proximate, and foreseeable result of MEILAHN's unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been

injured in mind and body, the precise amount of which will be proven at trial.

79.    As a direct, approximate, and foreseeable result of MEILAHN's unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

80.    MEILAHN's acts alleged herein were done maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, enacted with an improper and evil motive amounting to malice. Alternatively, MEILAHN's despicable conduct was carried out with conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages.

81.    Plaintiff is entitled to punitive damages because, upon information and belief, (1) these Defendants had advance knowledge of the unfitness for employment of MEILAHN and employed him with a conscious disregard of the rights or safety of others; (2) these Defendants authorized or ratified MEILAHN's wrongful conduct; and/or (3) these Defendants' officers, directors, or managing agents were personally guilty of oppression, fraud, or malice. *Cal. Civ. Code §3294(b)*.

## SEVENTH CAUSE OF ACTION

### Battery

### (Against All Defendants)

82.    Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

83.    MEILAHN was an employee of each of the Defendants, and MEILAHN was acting within the scope of his employment at the time of the incident. *See, e.g., Flores v. AutoZone W., Inc.*, 161 Cal. App. 4th 373, 380-382 (2008) (employee's assault on customer within scope of employment). Accordingly, each of the Defendants is liable for MEILAHN's actions under the doctrine of *respondeat superior*. Defendants also are liable under the doctrine of *respondeat superior* through their subsequent ratification of MEILAHN's conduct. *See, e.g., Flores*, 161 Cal. App. 4th at 380-382.

84.    In California, a battery violates an individual's interest and freedom from intentional, unlawful, harmful, or offensive unconsented contact with their person. *Rains v. Superior Court* (1984) 150 Cal.App.3d 933, 938.  The willful and unlawful use of force upon another is also a criminal offense. *California Penal Code §242.*

85.    MEILAHN engaged in intentional, unlawful, harmful, or offensive unconsented contact with Plaintiff.  Plaintiff did not consent to the contact.

86.    Plaintiff was harmed or offended by Defendant MEILAHN's conduct. A reasonable person in Plaintiff's situation would have been offended by the conduct.

87.    As a direct, proximate, and foreseeable result of MEILAHN's unlawful conduct, Plaintiff has mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life, has been injured in mind and body, the precise amount of which will be proven at trial.

88.    As a direct proximate and foreseeable result of MEILAHN's actions, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

89.    MEILAHN's acts alleged herein were done maliciously, fraudulently, and oppressively and with the wrongful intention of injuring Plaintiff and done with improper and evil motive amounting to malice. Alternatively, MEILAHN's despicable conduct was carried out with conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages.

90.    Plaintiff is entitled to punitive damages because, upon information and belief, (1) these Defendants had advance knowledge of the unfitness for employment of MEILAHN and employed him with a conscious disregard of the rights or safety of others; (2) these Defendants authorized or ratified MEILAHN's wrongful conduct; and/or (3) these Defendants' officers, directors, or managing agents were personally guilty of oppression, fraud, or malice. *Cal. Civ. Code §3294(b).*

### EIGHTH CAUSE OF ACTION

**False Imprisonment**

**(Against All Defendants)**

91.    Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

92.    MEILAHN was an employee of each of the Defendants, and MEILAHN was acting within the scope of his employment at the time of the incident.  *See, e.g., Flores v. AutoZone W., Inc.*, 161 Cal. App. 4th 373, 380-382 (2008) (employee's assault on customer within scope of employment). Accordingly, each of the Defendants is liable for MEILAHN's actions under the doctrine of *respondeat superior*. Defendants also are liable under the doctrine of *respondeat superior* through their subsequent ratification of MEILAHN's conduct.  *See, e.g., Flores*, 161 Cal. App. 4th at 380-382.

93.    A civil action for false imprisonment arises from the "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Scofield v. Critical Air Med., Inc.* 45 Cal.App.4 990, 1001 (1996).

94.    Defendant MEILAHN intentionally deprived Plaintiff of his freedom of movement by using physical barriers and force and/or the threat of force when he, among other things, pinned Plaintiff down with the weight and force of his body.

95.    As a result of Defendant MEILAHN's conduct, Plaintiff was compelled to be pinned to his seat for an appreciable amount of time.

96.    Plaintiff did not knowingly or voluntarily consent to being confined or restrained.

97.    Plaintiff was harmed, and Defendant MEILAHN's conduct was a substantial factor in causing Plaintiff's harm.

98.    As a direct, proximate, and foreseeable result of MEILAHN's unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, emotional and

physical distress, embarrassment, anger, loss of enjoyment in life and has been injured in mind and body, the precise amount of which will be proven at trial.

99.    As a direct approximate and foreseeable result of MEILAHN's unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

100.    MEILAHN's acts alleged herein were done maliciously, fraudulently, and oppressively and with the wrongful intention of injuring Plaintiff and done with improper and evil motive amounting to malice. Alternatively, MEILAHN's despicable conduct was carried out with conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages.

101.    Plaintiff is entitled to punitive damages because, upon information and belief, (1) these Defendants had advance knowledge of the unfitness for employment of MEILAHN and employed him with a conscious disregard of the rights or safety of others; (2) these Defendants authorized or ratified MEILAHN's wrongful conduct; and/or (3) these Defendants' officers, directors, or managing agents were personally guilty of oppression, fraud, or malice. *Cal. Civ. Code §3294(b)*.

## NINTH CAUSE OF ACTION

### Discrimination in Violation of Bane Act, Civil Code Section 52.1

### (Against Defendant GROSSMONT)

102.    Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

103.    Civil Code section 52.1 – known as the Tom Bane Civil Rights Act – prohibits anyone from interfering by threat, intimidation, or coercion with the exercise or enjoyment by any individual of the rights secured by the Constitution, laws of the United States, or laws of the state of California.

104.    Plaintiff has a fundamental right to schooling based on the California Constitution. California has assumed a statewide responsibility for a public education system open equally to all. *Butt v. California,* 4 Cal.4th 668, 680 (1992).

105.   Further, under the Fourth Amendment of the United States Constitution, all public-school students have the right to be free from unreasonable searches and seizures.   The unreasonable use of excessive force and corporal punishment of a student violates this right. *Doe ex rel. Doe v. Hawaii Dept. of Educ.,* 334 F.3d 906, 909 (9th Cir. 2003).

106.   MEILAHN acted violently against Plaintiff because of and in response to behaviors that were manifestations of his disability.   In doing so, MEILAHN prevented Plaintiff from exercising his rights, including his right to a school-based education and being free and secure in his person.

107.   As a result, Plaintiff was harmed. Further, Defendants' conduct was a substantial factor in causing his harm.

108.   GROSSMONT is vicariously liable for the conduct of its employees, including MEILHAN.   Further, GROSSMONT is liable because it was under a mandatory duty not to interfere with Plaintiff's right to a school-based education using threat, intimidation, or coercion.   This duty was also designed to protect Plaintiff from the injuries he suffered due to a breach of duty.

109.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life and has been injured in mind and body, the precise amount which will be proven at trial.

110.   As a direct, approximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

111.   Defendants committed the acts alleged here maliciously, fraudulently, and oppressively and with the wrongful intention of injuring Plaintiff and acted with improper and evil motive amounting to malice. Alternatively, said Defendants. Despicable conduct was carried out with conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity

Defendants.

112.   As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney to protect his rights. Accordingly, Plaintiff seeks reasonable attorneys, fees, and costs incurred in the amount according to proof at trial as mandated under California Civil Code Section 52.

## TENTH CAUSE OF ACTION

**Discrimination in Violation of California Education Code Section 200 et seq.**

**(Against GROSSMONT and DOES 1 through 25)**

113.   Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

114.   Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination based on disability….in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

115.   A plaintiff may maintain an action for monetary damages against a school district when he or she alleges that (1) he or she suffered severe and pervasive conduct that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities; (2) the school had actual knowledge of the conduct; and (3) the school responded with deliberate indifference.

116.   MEILAHN subjected Plaintiff to physical and emotional abuse, which effectively deprived him of equal access to educational benefits and opportunities.

117.   California Education Code 220 created a mandatory duty designed to protect Plaintiff from the kind of injury that he suffered.  Accordingly, GROSSMONT is liable under Government Code section 815.6

118.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life and has been injured in mind and body, the precise amount which will be proven at trial.

119.   As a direct, proximate, and foreseeable result of VUSD's unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

**ELEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against All Defendants)**

120.   Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

121.   MEILAHN was an employee of each of the Defendants, and MEILAHN was acting within the scope of his employment at the time of the incident.  *See, e.g., Flores v. AutoZone W., Inc.*, 161 Cal. App. 4th 373, 380-382 (2008) (employee's assault on customer within scope of employment). Accordingly, each of the Defendants is liable for MEILAHN's actions under the doctrine of *respondeat superior*. Defendants also are liable under the doctrine of *respondeat superior* through their subsequent ratification of MEILAHN's conduct. *See, e.g., Flores*, 161 Cal. App. 4th at 380-382.

122.   MEILAHN's conduct caused Plaintiff to suffer severe emotional distress.  MEILAHN engaged in outrageous conduct when he verbally and physically abused and assaulted Plaintiff, a special needs student, because of his disability-related behaviors.

123.   MEILAHN intended to cause Plaintiff emotional distress or acted with reckless disregard for the probability that Plaintiff would suffer emotional distress.

124.   As a whole, MEILAHN's conduct was outrageous in that it was so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Hughes v. Pair,* 46 Cal. 4th 1035, 1050-1051 (2009).

125.   As alleged herein, Plaintiff suffered severe emotional distress, and MEILAHN's conduct was a substantial factor in causing Plaintiff's harm.

126.   As a direct, proximate, and foreseeable result of Defendants' unlawful

conduct, Plaintiff suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment of life and has been injured in mind and body, the precise amount which will be proven at trial.

127.    As a direct, proximate, and foreseeable result of MEILAHN's unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

128.   MEILAHN's acts alleged herein were done maliciously, fraudulently, and oppressively and with the wrongful intention of injuring Plaintiff and done with improper and evil motive amounting to malice. Alternatively, MEILAHN's despicable conduct was carried out with conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages.

129.   Plaintiff is entitled to punitive damages because, upon information and belief, (1) these Defendants had advance knowledge of the unfitness for employment of MEILAHN and employed him with a conscious disregard of the rights or safety of others; (2) these Defendants authorized or ratified MEILAHN's wrongful conduct; and/or (3) these Defendants' officers, directors, or managing agents were personally guilty of oppression, fraud, or malice. *Cal. Civ. Code §3294(b)*.

## TWELFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Against all Defendants)

130.    Plaintiff realleges and incorporates the allegations contained in the above paragraphs as though fully set forth herein.

131.    Defendants' conduct was negligent and caused Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

132.    Plaintiff was harmed and Defendants' negligent conduct was a substantial factor in causing his harm.

133.    GROSSMONT is vicariously liable for the acts and negligence of its employees under California Government Code Section 815.2.

134.    As a direct, approximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, emotional and physical distress, embarrassment, anger, loss of enjoyment in life and has been injured in mind and body, the precise amount of which will be proven at trial.

135.    As a direct, approximate and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount which will be proven at trial.

136.    Defendants committed the acts alleged here maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff and acted with the improper and evil mode of amounting to malice. Alternatively, said Defendants' Despicable conduct was carried out with conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity defendants.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, on all theories of action as follows:

1.    General damages within the jurisdiction of the Court according to proof;

2.    Special damages, including but not limited to medical and incidental expenses according to proof, property damage, and loss of use;

3.    Punitive damages as permitted by law;

4.    Attorney's fees, costs, and expenses incurred in connection with pursuing this dispute;

5.    Pre-judgment and post-judgment interest as permitted by law; and

6.    Such other and further relief as the Court deems just and proper.

1

2   Dated:  December 1, 2023          **HAYS LAW GROUP**

3

4                                                By:  *Cameron R. Hays*

5                                                     Cameron R. Hays

6                                                     *Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT