UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L., a minor by and through his Guardian ad Litem STEPHANIE BURGESS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>GROSSMONT UNION HIGH SCHOOL DISTRICT, a public entity; PAUL MEILAHN, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-02281-BEN-KSC<br><br>**ORDER GRANTING IN PART GROSSMONT UNION HIGH SCHOOL DISTRICT'S MOTION TO DISMISS** |

Currently before the Court is Defendant Grossmont Union School District's Motion to Dismiss. The District moves to dismiss based on its Eleventh Amendment immunity. The motion is granted except as to the third claim for relief, with leave to amend.

**INTRODUCTION**

According to the Complaint, A.L. is a ten-year-old student in the Defendant school district. According to the Complaint, A.L. is a special education student with an Individual Education Plan requiring the District to provide transportation between home and school. According to the Complaint, something happened to A.L. on the bus ride home from school on January 27, 2023. Plaintiff asserts that the bus driver

twice angrily used force to push him to a bus seat, from which A.L. suffered defensive wounds to his face and arms. Plaintiff brings twelve claims for relief against the District and its bus driver seeking money damages.

**DISCUSSION**

The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. States are protected from suits brought by citizens in federal court. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999). In the same way, "agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003)).[1]

The Ninth Circuit has repeatedly held that in the State of California, a public school district is an arm of the state. "[W]e hold that California school districts . . . remain arms of the state . . . ." *Sato*, 861 F.3d at 934. *Sato* notes that "[t]he California Supreme Court has stated that 'local districts are the State's agents for local operation of the common school system.'" *Id.* (citation omitted). *Sato* explained that under California law, public schooling is a statewide or central government function that is carried out through local school districts as "state agents under state control." *Id.* at 933. Here, the District asserts its Eleventh Amendment

---

[1] "There are only three exceptions to this general rule. First, a state may waive its Eleventh Amendment defense. Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority. Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a 'suit against a state official when that suit seeks ... prospective injunctive relief.'" *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817–18 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001) (citations omitted).

immunity from suit as to all of Plaintiff's claims (except the Third claim brought under the Rehabilitation Act).

Plaintiff's first claim for relief under §1983 is barred. "The § 1983 claim seeking monetary damages and injunctive relief is . . . frivolous, its outcome predetermined by a review of relevant law. It is well-established that a school district cannot be sued for damages under §1983." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247–48 (9th Cir. 2015) (citing *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992)).

Plaintiff's second claim for relief under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, turns on whether Plaintiff specifically asserts a violation of the Fourteenth Amendment that also violates the ADA. "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original). While Plaintiff's Complaint identifies an alleged violation of the ADA under 42 U.S.C. §12132, it does not separately identify District conduct that violates the Fourteenth Amendment. This omission may be remedied in an amended complaint.

For Plaintiff's third claim for relief brought under the Rehabilitation Act of 1973, 29 U.S.C. §794, the State has waived its sovereign immunity. *Douglas*, 271 F.3d 812, 820 (9th Cir 2001) ("Accordingly, we hold that by accepting federal Rehabilitation Act funds, California has waived its sovereign immunity under the Rehabilitation Act."). Therefore, the third claim for relief for violations of the Rehabilitation Act claim may proceed.

The remaining claims four through twelve against the District are state law causes of action that are barred by Eleventh Amendment immunity. *Ladera Taxpayers for Integrity in Governance v. Las Lomitas Elementary Sch. Dist.*, No. 24cv02412-WHO, 2024 WL 3697035, at *4 (N.D. Cal. Aug. 6, 2024) ("As for

plaintiff's state law claims, those claims are also barred in federal court by Eleventh Amendment immunity."); *T.L. v. Orange Unified Sch. Dist.*, No. 23cv1078-FWS-KES, 2024 WL 305387, at *9 (C.D. Cal. Jan. 9, 2024) (dismissing remaining state law claims against school district based on Eleventh Amendment immunity).

**CONCLUSION**

The Grossmont Union High School District's motion to dismiss is granted, without prejudice, with respect to all of Plaintiff's claims for relief except the third claim (alleging violations of the Rehabilitation Act). Plaintiff may file an amended complaint within 21 days. F.R.C.P. 15(a)(2) (leave to amend to be freely given).

**IT IS SO ORDERED.**

DATED: October 7, 2024

HON. ROGER T. BENITEZ
United States District Judge